UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| RODNEY A. CAMPBELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 4:26-cv-01915-ACL |
| | ) | |
| ST. LOUIS CITY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

Plaintiff Rodney A. Campbell, a self-represented litigant, filed a Prisoner Civil Rights Complaint pursuant to 42 U.S.C. § 1983. [Doc. 1]. He alleges that he was arrested in the City of St. Louis pursuant to a Madison County warrant but has not been provided with a copy of the warrant. [*Id*. at p. 4]. He further alleges that the warrant is "fraudulent" and that St. Louis City is the third municipality to hold him pursuant to that warrant. [*Id*.].

This matter is now before the Court for case review. Plaintiff initiated this action by filing a Complaint but has neither paid the required filing fee nor moved for leave to proceed *in forma pauperis*. Congress requires federal courts to collect a filing fee from any party instituting a civil action, suit, or proceeding. 28 U.S.C. § 1914(a). Courts may waive prepayment of this fee for individuals who demonstrate an inability to pay. 28 U.S.C. § 1915(a)(1).

Because plaintiff is detained at the St. Louis City Justice Center, he is a "prisoner" as defined in 28 U.S.C. § 1915(h). A prisoner may seek leave to proceed *in forma*

*pauperis* and, if eligible, may proceed without prepaying the filing fee, making payments instead. 28 U.S.C. § 1915(b)(1). However, the Prison Litigation Reform Act establishes an exception in § 1915(g), which provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Since December 2025, plaintiff has filed 39 prisoner civil rights lawsuits in this district. Prior to the filing of this lawsuit on November 5, 2026, more than three of those actions had been dismissed as frivolous or for failure to state a claim upon which relief may be granted. *See Campbell v. St. Charles County Jail*, 4:25-cv-01784-JMB (E.D. Mo. Sept. 24, 2026) (dismissed for failure to state a claim); *Campbell v. St. Charles Count Jail, et al.*, 4:25-cv-01902-ACL (E.D. Mo. May 5, 2026) (same); *Campbell v. Unknown*, et al., 4:26-00024-JMD (E.D. Mo. July 22, 2026) (same); *Campbell v. Madison County Jail, et al.*, 4:26-cv-00158-JSD (E.D. Mo. May 27, 2026) (dismissed as frivolous); *Campbell v. Madison County Jail, et al.*, 4:26-cv-00165-RHH (July 20, 2026) (dismissed for failure to state a claim). Because plaintiff has incurred at least three strikes under § 1915(g), and the Complaint does not establish that he is in imminent danger of serious physical injury, he may not proceed with this action unless he prepays the $405 filing fee. 28 U.S.C. § 1915(g); *see also Gonzalez v. United States*, 23 F.4th 788, 789 (8th Cir.) ("After three strikes, a litigant loses the right to sue without prepaying the filing fee.").

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff shall pay the $405 filing fee in full within thirty days. If plaintiff does not comply with this Order, Court will dismiss this action without prejudice and without further notice.

**SO ORDERED** this 13th day of November, 2026.

STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE